IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,925






EX PARTE CATHY LYNN HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 94-2034 IN THE 229TH DISTRICT COURT


FROM TRAVIS COUNTY




 . Alcala, J., filed a concurring opinion.


CONCURRING OPINION


 

 Like the majority of the Court, I conclude that the death sentence imposed against
Cathy Lynn Henderson, applicant, must be vacated and that she must receive a new trial for
the charge of capital murder of Brandon Baugh. In reaching this conclusion, I follow the
recommendation of the trial court and the State's attorney and join the Court's majority
opinion granting relief. I also join the concurring opinion by the Honorable Judge Cochran
with two exceptions. I disagree with her conclusions that (1) this case is the same as Ex parte
Robbins, 360 S.W.3d 446 (Tex. Crim. App. 2011), and (2) this case permits us to decide
whether there is a due-process violation outside the context of a death-penalty case. I write
separately to explain why I conclude that this case presents more compelling reasons for
granting relief than those presented in Robbins. See id. 

 In Robbins, this Court denied the applicant relief. Id. at 448. If this case was factually
identical to Robbins, the same precedent that was used to deny relief in Robbins would
compel denying relief in this case. See id. Instead, the Court grants relief in this case. I
conclude that, although they share many factual similarities, Robbins and this case differ as
to the findings of fact rendered by the respective trial courts: This trial court finds that new
scientific evidence is the basis for ordering a new trial, whereas the Robbins trial court found
that use of false evidence was the basis for ordering a new trial. Id. at 457. 

 The Robbins trial court's findings stated that medical examiner "Dr. Moore's trial
opinions were not true. They were based on false pretenses of competence, objectivity, and
underlying pathological reasoning, and were not given in good faith." Id. at 477 (Alcala, J.,
dissenting). The trial court characterized Dr. Moore's testimony as "expert fiction calculated
to attain a criminal conviction." Id. Furthermore, the trial court found that Dr. Moore was
"biased toward the State" at the time she testified. Id. at 474 (Cochran, J., dissenting). In my
dissenting opinion in Robbins, I concluded that the record supported the trial court's
characterization concerning the falseness of the testimony and that the use of that testimony
violated the Due Process Clause of the Fourteenth Amendment. Id. at 476-77 (Alcala, J.,
dissenting); see also Ex parte Chabot, 300 S.W.3d 768, 770-71 (Tex. Crim. App. 2009); Ex
parte Napper, 322 S.W.3d 202, 242 (Tex. Crim. App. 2010). 

 Here, the trial court has not made any factual findings to suggest that, at the time that
it was introduced, the medical evidence underlying applicant's conviction was known to have
been false. More specifically, nothing in the trial court's findings suggests that Dr. Bayardo
based his testimony on false pretenses of competence, a lack of objectivity, prosecutorial
bias, or expert fiction calculated to attain a criminal conviction. The absence of these types
of findings distinguishes this case from Robbins and renders it a new-science case rather than
a false-testimony case. Compare id. at 457. As Judge Cochran accurately observes in her
concurring opinion today, Dr. Bayardo's testimony was "based upon the state of the scientific
knowledge" and was not known to have been false at the time it was given. For this reason,
I join Judge Cochran's opinion today, although I did not in Robbins. See id. at 476 n.1
(Alcala, J., dissenting). 

 In Robbins, I explained that I did not join Judge Cochran's dissenting opinion
"because the change in Dr. Moore's testimony is not due to new scientific principles but is
instead, according to her, due to her having more experience as a medical examiner, and
according to the trial court's findings, due to her trial testimony being the result of
prosecutorial bias." Id. Today, I join Judge Cochran's concurring opinion because this case
falls squarely within her assertion that executing a defendant whose conviction is premised
on now-discredited scientific theories violates due process, even though those scientific
theories were once considered valid and true at the time they were applied.

 Furthermore, although I disagree with the Honorable Judge Price's analysis of
Robbins, I agree with his conclusion that this case presents a stronger reason to grant relief
than that presented in Robbins: Without relief, applicant will be executed for a conviction
that we now know was premised largely on faulty science. 

 The Supreme Court has succinctly observed that "the penalty of death is qualitatively
different from any other sentence." Lockett v. Ohio, 438 U.S. 586, 604 (1978) (internal
quotations omitted). Among these differences is that a death sentence "is unique in its total
irrevocability." Furman v. Georgia, 408 U.S. 238, 306 (1972) (Stewart, J., concurring). The
Court has held that the "qualitative difference between death and other penalties calls for a
greater degree of reliability when the death sentence is imposed." Lockett, 438 U.S. at 604.
This heightened need for reliability requires a mechanism that enables judicial enforcement
of that sentence to evolve with the science that serves as the basis for imposition of that
sentence.

 Whether we ultimately apply the faulty-science theory to due-process complaints
beyond the death-penalty context is a question for another day. The holding of this case is
quite narrow: Due process prohibits the execution of a person when faulty science was
essential to the State's establishment of an element necessary for convictionhere, that the
cause of death of the complainant was intentionaland the habeas record shows that today's
scientific community reaches a different consensushere, that the cause of death is
undetermined.In accordance with the trial court's recommendation, I join in the Court's judgment
granting relief and remanding for a new trial.

 Alcala, J.

Filed: December 5, 2012

Publish